## UNITED STATES  DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### Urbana Division

| | | |
|---|---|---|
| KUVEDINA, LLC, an Illinois limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.  11-2282 |
| RAKESH PAI and MHALSA TECHNOLOGIES, a forfeited Kansas corporation, | ) ) ) ) | |
| Defendants. | ) ) | |

## REPORT AND RECOMMENDATION

In March 2011, Plaintiff Kuvedina, LLC filed a Complaint (#1) against Defendant Rakesh Pai and Defendant Mhalsa Technologies.  Plaintiff brings several state law claims against Defendants, including breach of contract, tortious interference with a business relationship, and others.  Plaintiff alleges that this Court has jurisdiction based on diversity of citizenship, pursuant to 28 U.S.C. § 1332.[1]

In August 2011, Defendants filed Defendants' Motion to Dismiss Kuvedina's Complaint (#15).  Defendants argue that Plaintiff has failed to adequately allege an amount in controversy that would satisfy the jurisdictional threshold, and thus the complaint should be dismissed pursuant to Rule 12(b)(1).  Defendants also argue that Plaintiff has failed to state a claim upon which relief can be granted, and thus the complaint should be dismissed pursuant to Rule 12(b)(6).  In September 2011, Plaintiff filed Plaintiff's Response to Defendant's Motion to Dismiss (#30).  Defendants filed Defendants' Reply in Support of Its Motion to Dismiss Kuvedina's Complaint (#34).  After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motion to Dismiss Kuvedina's Complaint (#15) be **GRANTED** in part and **DENIED** in part.  The Court recommends that Count IV and Count VI be dismissed without prejudice.

---

[1]*See* Jurisdictional Addendum to the Complaint (#3).

## I. Background

The following background is taken from the allegations in Plaintiff's complaint, unless otherwise indicated. Plaintiff Kuvedina, LLC is an entity incorporated in the State of Illinois. It has one member, Mr. Anil Baddi. (#3). Kuvedina, LLC is a consulting firm, which provides project management services to business throughout the United States. Defendant Mhalsa Technologies is a forfeited Kansas corporation. Defendant Rakesh Pai (hereinafter "Defendant Pai") is the registered agent for Defendant Mhalsa Technologies (hereinafter "Defendant Mhalsa Tech.").[2]

Plaintiff alleges that, in May 2010, it entered in to a Subcontractor's Agreement with Defendants. The Subcontractor's Agreement is attached to the complaint, and it is signed by Defendant Pai on behalf of Defendant Mhalsa Tech. (#1, pp. 14 - 25). The agreement contemplated that Defendant Mhalsa Tech. and Defendant Pai would provide services including business consulting, management consulting, software consulting, training, and programming services on an as needed basis to Plaintiff or its clients. (#1, p. 14).[3] The agreement further contemplated that it would be in effect for at least five months, from May 3, 2010, to October 1, 2010, and that Defendants would perform the specified services at a rate of $48 per hour for no more than 200 hours per month. (#1, p. 21). At the same time, the parties entered a Noncompetition, Nondisclosure and Confidentiality Agreement (hereinafter the "Noncompetition Agreement") (#1, pp. 26 - 32). This agreement was also signed by Defendant Pai on behalf of himself and Defendant Mhalsa Tech. (#1, p. 32). Finally, a "Purchase Order" indicates that Defendants agreed to perform subcontracting work in Mason, Ohio, starting May 3, 2010. (#1, p. 22).

---

[2]A Business Entity Search on the Kansas Secretary of State's website indicates Mr. Pai is the registered agent for Mhalsa Tech., and the current status of the corporation is forfeited, with a forfeiture date of July 2008. (#1, pp. 82 - 83).

[3]The Subcontractor's Agreement states that it is "entered into by and between Mhalsa Technologies Inc (Rakesh Pai) . . . and Kuvedina LLC." The Court notes that this creates a question as to whether Defendant Pai is a party to the contract as an individual. For present purposes, the Court will note that Defendants entered the contract.

Plaintiff alleges that, at the time it entered in to these agreements with Defendants, Defendants indicated that Defendant Mhalsa Tech. was an active corporation in good standing, when in fact his was not true. Plaintiff further alleges that Defendants indicated that Defendant Mhalsa Tech. had professional liability insurance, and this was also false. Plaintiff alleges that Defendants knew these representations were false, and made them to induce Plaintiff to enter the contracts. (#1, pp. 2-3).

Plaintiff alleges that Defendants defaulted on their contracts by failing to perform the work specified in the Purchase Order. (#1, p. 4). Plaintiff alleges that, despite failing to perform this work as specified, Defendants continued to bill invoices to Plaintiff, which Plaintiff paid. Plaintiff alleges it made payment to Defendant Mhalsa Tech. in the amount of $38,400.00, which Defendant Pai improperly negotiated, as Mhalsa Tech. was a defunct, forfeited corporation. (#1, p. 4).

A subsequent group of exhibits attached to the complaint indicates that, after October 1, 2010, Plaintiff attempted to terminate its relationship with Defendants, notifying Defendants to suspend any further billable activities effective immediately. (#1, pp. 38 - 53). A chain of e-mails indicates that, despite these notifications, Plaintiff believed Defendant Pai improperly continued to use client and project resources. *Id.* Plaintiff alleges that, despite these e-mails, Defendant Pai began to approach Plaintiff's client with a clear intention to solicit work, in violation of the Subcontractor's Agreement and the Noncompetition Agreement. (#1, p. 5).

Plaintiff also requested that Defendant Pai return a laptop containing Plaintiff's proprietary information, a request which Defendant Pai ignored. (#1, p. 5). Plaintiff alleges it needed the laptop to continue to perform its obligations to its clients. (#1, p. 7). Plaintiff alleges that, rather than returning the laptop, Defendant Pai communicated directly with Plaintiff's client, making the false accusation that he had not received timely payments from Plaintiff. (#1, p. 7).

In November 2010, Plaintiff filed a Complaint for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction in the Circuit Court of the Sixth Judicial Circuit, in Champaign County, Illinois. (#1, pp. 54 - 60). In November 2010, the court entered a Temporary Restraining Order, requiring Defendant Mhalsa Tech. and Defendant Pai to immediately return any proprietary information, including the laptop, and prohibiting Defendants from continuing to use such proprietary information in any way, and from soliciting or continuing to communicate in any way with the client regarding matters related to the contract between Plaintiff and client. (#1, p. 63). In December 2010, the court entered an order granting injunctive relief. This order prohibited Defendants from disclosing or continuing to use any propriety information received by Plaintiff or Plaintiff's client, and it prohibited Defendants from soliciting or communicating in any way with Plaintiff's clients as initially agreed pursuant to the Subcontractor's Agreement.

Plaintiff alleges that Defendants' actions caused extreme damage to Plaintiff's reputation with its client. Plaintiff alleges this directly caused Plaintiff to lose a contract with its client affected by Defendants' actions, as well as other contracts with the same client. Plaintiff alleges damages in the amount of $312,160 for this loss of a business relationship alone. (#1, p. 6).

Plaintiff brings the following counts against Defendants: Plaintiff brings Count I for breach of contract, including the Subcontractor Agreement, Purchase Order, and Noncompetition Agreement. Plaintiff brings Count II for tortious interference with a business relationship, for interfering with Plaintiff's business contract with Plaintiff's client. Plaintiff brings Count III for conversion, alleging Defendant Pai fraudulently posed as Defendant Mhalsa Tech., and that Defendant Pai billed for work he did not perform. Plaintiff brings Count IV for damages due to unauthorized endorsement of a monetary instrument, referring to the allegation that Defendant Pai negotiated a check made out to Mhalsa Technologies, Inc, which was a forfeited corporation. Plaintiff brings Count V for common law fraud, noting that Defendant Pai represented that

Mhalsa Tech. was a corporation in good standing, and in compliance with all state and federal laws and regulations, when these representations were false. Plaintiff brings Count VI for punitive damages.

## II. Defendants' Motion to Dismiss Pursuant to Rule 12(b)(1)

Defendants argue that Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(1) because it appears to a legal certainty that Plaintiff's claim is really for less than the jurisdictional threshold. Plaintiff responds that Defendants' claim that the jurisdictional threshold is not reached lacks any explanation or reference to the complaint.

When the jurisdictional threshold is uncontested, a court will generally accept a plaintiff's good faith allegation of the amount in controversy unless it appears to a legal certainly that the claim is really for less than the jurisdictional amount. *Rexford Rand Corp. v. Ancel*, 58 F.3d 1215, 1218 (7th Cir. 1995) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). Where the defendant challenges the amount in controversy, the plaintiff must support its assertion with competent proof. *McMillian v. Sheraton Chi. Hotel & Towers*, 567 F.3d 839, 844 (7th Cir. 2009). Competent proof means "proof to a reasonable probability that jurisdiction exists." *Ancel*, 58 F.3d at 1218 (quoting *Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993)). The plaintiff must prove jurisdictional facts by a preponderance of the evidence. *McMillian*, 567 F.3d at 844 (citing *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)). To satisfy this burden, a party must do more than point to the theoretical availability of certain categories of damages. *Id.* (citing *Am. Bankers Life Assurance Co. v. Evans*, 319 F.3d 907, 909 (7th Cir. 2003)).

Here, Plaintiff has pled it sustained $92,160 in lost profits due to Defendants' breach of contract, referring to the Subcontractor Agreement, Purchase Order, and Noncompetition Agreement. (#1, ¶ 45). Plaintiff has pled it has suffered $220,000 in damages caused by Defendants' tortious interference with a business relationship, referring to the client Plaintiff lost as a result of Defendants' breach of contract, false statements, failure to return proprietary information, and other allegations summarized above. (#1, ¶ 52). Plaintiff has pled it suffered

$38,400 in damages related monies paid to Defendant Mhalsa Tech., which Defendant Pai allegedly converted without performing work as agreed upon in the contract. (#1, ¶ 55). Plaintiff has pled it suffered $15,000 in damages due to unauthorized endorsement of a monetary instrument, referring to the allegation that Plaintiff made checks payable to Defendant Mhalsa Tech., which were improperly negotiated by Defendant Pai. (#1, ¶ 58). Plaintiff has pled that it suffered $76,265 in damages as a result of Defendants' common law fraud, referring to Defendant Pai's representation that Defendant Mhalsa Tech. was a corporation in good standing, when this was not true. (#1, ¶ 66). Finally, Plaintiff seeks $440,925 in punitive damages. (#1, ¶ 70).

Defendants argue that Plaintiff's complaint "fails to identify or allege damages with any type of specificity whatsoever." (#17, p. 7). Defendants argue that Plaintiff fails to separate the acts of each defendant, making it difficult for the Court to determine whether Plaintiff intends on suing both parties for an amount beyond the jurisdictional threshold or not. Defendants characterize Plaintiff's complaint as vague, meandering, and unsupported.

The Court's discussion up to this point already makes it clear that, contrary to Defendants' arguments, Plaintiff has actually been quite specific with respect to identifying and alleging damages. Furthermore, to the extent that Plaintiff fails to separate the acts of each defendant, this is tied to Plaintiff's allegation that Defendant Pai used the defunct corporation, and misrepresented the status of that corporation, for his own purposes. Finally, Plaintiff has provided competent proof of amount in controversy, establishing a reasonable probability that jurisdiction exists, by attaching the contracts it alleges Defendants breached, evidence that Defendant Mhalsa Tech. is a forfeited corporation, and documents showing amounts paid to Defendants under the contract. Additionally, Plaintiff has made specific factual allegations related to tortious interference with a business relationship, conversion, and fraud. The Subcontractor's Agreement and Noncompetition Agreement emphasize the value of Plaintiff's relationship with its clients, and the potential damage that could result from the alleged breach of those contracts. The attached orders issued by the Circuit Court of the Sixth Judicial Circuit, in Champaign County, Illinois constitute further competent proof of amount in controversy, as this

Court presumes for this purpose that the Circuit Court would not issue an injunction where there was no risk of significant damage to Plaintiff.

To the extent Defendants dispute the precise amounts that Plaintiff sets forth in its complaint, this is a matter to be dealt with in discovery. *See* FED. R. CIV. P. 26(a)(1)(A)(iii). However, Plaintiff is not obligated to provide a precise method of calculation of damages to satisfy its pleading burdens at this stage.

The Court concludes that Plaintiff has adequately pled an amount in controversy, such that the Court may exercise jurisdiction pursuant to 28 U.S.C. § 1332. The Court finds that Plaintiff has presented competent proof of an amount in controversy. In so finding, the Court does not reach the question of whether Plaintiff has presented competent proof that it may be entitled to punitive damages. The Court returns to this question below, in its analysis of Defendants' motion to dismiss Count VI.

### III. Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6)

Defendants additionally argue that each count of Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6).

The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The complaint must give fair notice of what the claim is and the grounds upon which it rests. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007). However, fair

notice is not enough by itself; in addition, the allegations must show that it is plausible, rather than merely speculative, that the plaintiff is entitled to relief. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

When considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations contained in the pleadings. *Venture Assocs. Corp. v. Zenith Data Sys. Corp*., 987 F.2d 429, 431 (7th Cir. 1993). The Court must treat all well-pleaded allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.,* 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (requiring plausible grounds for inferences if those inferences are to sustain a complaint). In considering the plaintiff's factual allegations, the Court should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The application of the notice pleading standard is a context-specific task, in which the height of the pleading requirement is relative to circumstances. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009). Furthermore, where a plaintiff voluntarily provides unnecessary facts in her complaint, a defendant may use those facts to demonstrate that the plaintiff is not entitled to relief. *Tamayo*, 526 F.3d at 1086. A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Id.* (quoting *Kolupa v. Roselle Park Dist*., 438 F.3d 713, 715 (7th Cir. 2006)).

Defendants argue that the pleading, taken as a whole, fails to present a short and plain statement, in essence that it is simply too confusing to answer. Additionally, Defendants make a separate argument with respect to each of the six counts of Plaintiff's complaint. The Court will address each of these arguments in turn.

*1. Defendants Argue that Plaintiff's Complaint Fails to Present a Short and Plain Statement*

First, Defendants argue that Plaintiff's complaint fails to present a short and plain statement, as required by Rule 8. Rule 8 provides that each allegation must be simple, concise, and direct. FED. R. CIV. P. 8(d)(1). Where a plaintiff's complaint is not presented plainly, but

rather is rambling and confusing, such a complaint may properly be dismissed. *Wade v. Hopper*, 993 F.2d 1246, 1249 (7th Cir. 1993).

Defendants assert that Plaintiff's complaint is too confusing, because it has four different sections stating alleged facts, and it has numerous attachments. Defendants also argue that the complaint is too vague, because it does not point to specific contract provisions that Defendants allegedly violated, and it is not always clear from the complaint if an allegation concerns Defendant Pai, Defendant Mhalsa Tech., or both Defendants.

The question for the Court is whether any imperfections of the complaint noted by Defendants are so egregious as to render the complaint unintelligible, such that the Court or Defendants cannot understand whether a valid claim is alleged. Above, the Court has already summarized the facts alleged in Plaintiff's complaint, with reference to attached documents. Despite any flaws in Plaintiff's presentation, the essential story is quite clear from the face of the complaint, as demonstrated by the Court's summary. Furthermore, to the extent that Plaintiff fails to separate the acts of each defendant, this is tied to Plaintiff's allegation that Defendant Pai used the defunct corporation, and misrepresented the status of that corporation, for his own purposes. The Court therefore concludes that Defendants have adequate notice of the factual allegations underlying Plaintiff's claims. Furthermore, Plaintiff has specifically noted six claims it brings against Defendants, and it has specifically noted the relief it seeks. The Court concludes that Plaintiff's complaint satisfies the requirements of Rule 8.

*2. Defendants Argue Plaintiff Fails to Allege Elements of Various Claims*

Defendants argue that certain counts of Plaintiff's complaint should be dismissed for failing to allege various elements of those claims. Specifically, Defendants argue the following: (1) Count I for breach of contract should be dismissed because Plaintiff has failed to allege breach or damages; (2) Count II for tortious interference with a business relationship should be dismissed because Plaintiff has not alleged any of the elements of that claim; and (3) Count III for conversion should be dismissed because Plaintiff has failed to allege any of the elements of that claim.

Under the federal rules, a plaintiff is not required to meet the standards of a fact-pleading system, in which certain facts are alleged in conjunction with specific elements of claims. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Facts need not be established or even alleged, as fact-pleading is unnecessary. *Simpson v. Nickel*, 450 F.3d 303, 306 (7th Cir. 2006). At the pleading stage, the court is to draw all inferences in favor of the plaintiff. *McMillan v. Collection Prof'ls, Inc.,* 455 F.3d 754, 758 (7th Cir. 2006). A plaintiff is only required to make a statement that gives the defendant fair notice of the claim and the grounds upon which it rests. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007). Plaintiff must merely state a claim for relief that is plausible on its face. *Swanson*, 614 F.3d at 404 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Defendants argue that Plaintiff has not specifically alleged various elements of the claims it has brought. These arguments indicate that Defendants fundamentally misunderstand the pleading requirements, summarized above. Defendants' arguments are even less persuasive, in light of the specificity of Plaintiff's allegations. For example, Plaintiff references provisions of the Subcontractor's Agreement and the Noncompetition Agreement stating that Defendants were prohibited from soliciting Plaintiff's clients. Plaintiff then alleged that, due to Defendants' solicitation and interference with a client, Plaintiff lost its relationship with that client. These allegations, if true, and with all other inferences in Plaintiff's favor, are enough to indicate that Plaintiff is plausibly entitled to relief for breach of contract and tortious interference. With respect to conversion, Plaintiff has alleged that Defendants improperly billed Plaintiff for work not performed, and that Defendant Pai improperly negotiated a check paid to the order of Defendant Mhalsa Tech. The Court concludes that Plaintiff has met its pleading burden of giving fair notice of the claims and the grounds upon which they rest, and that Plaintiff's claim for relief is plausible on its face.

*3. Defendant Argues Count IV Fails to Allege A Cognizable Action*

Plaintiff brings Count IV for "damages due to unauthorized endorsement of monetary instrument." Defendants argue that such a claim does not exist under Illinois law. Defendants

concede that Illinois courts do recognize an action for conversion of commercial paper, a claim which is consistent with Plaintiff's factual allegations.

Plaintiff does not make any response to this argument. "A failure to oppose an argument permits an inference of acquiescence and 'acquiescence operates as a waiver'." *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 926 (7th Cir. 2007) (quoting *Cinninnati Ins. Co. v. E. Atl. Ins. Co.*, 260 F.3d 742, 747 (7th Cir. 2001)). The Court therefore recommends that Count IV be dismissed. However, it appears, based on Defendants' concession that Illinois courts recognize a cause of action for conversion of commercial paper, that Plaintiff may seek relief under the theory of conversion, which it has brought in Count III. In any event, the Court recommends that Count IV be dismissed without prejudice, so that Plaintiff may file an amended complaint bringing forth an appropriate cause of action.

### 4. *Defendants Argue Count V for Common Law Fraud Fails to Comply with Rule 9(b)*

Plaintiff brings Count V against Defendants for common law fraud. Within this count, Plaintiff alleges that it relied on Defendants' representation that Defendant Mhalsa Tech. was a corporation in good standing, and that it was in compliance with federal and state laws, and that it had liability insurance. In fact, Defendant Mhalsa Tech. was a forfeited corporation at the time Defendant Pai entered agreements on behalf of the corporation.

Defendants argue that this claim fails to comply with the applicable requirements of Rule 9(b). Defendants specifically argue that Plaintiff fails to allege sufficient factual detail to satisfy the heightened pleading requirements of Rule 9(b), and also that Plaintiff does not sufficiently distinguish the allegedly fraudulent actions of Defendant Pai from the allegedly fraudulent actions of Defendant Mhalsa Tech.

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). The plaintiff must state "the identity of the person making the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff."

*Uni-Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992) (quoting *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992)).  In the context of a case with multiple defendants, Rule 9(b) requires a plaintiff to identify the nature of each defendant's participation in the alleged fraud.  *Balabanos v. N. Am. Inv. Grp., Ltd.*, 708 F. Supp. 1488, 1493 (N.D. Ill. 1988).

Here, Plaintiff has made the following specific allegations: Plaintiff has alleged that Defendant Pai, the registered agent for Defendant Mhalsa Tech., made several misrepresentations in the course of negotiations leading up to the formation of several contracts between Plaintiff and Defendants in May 2010.  The content of those alleged misrepresentations consists of "holding themselves out," perhaps implicitly suggesting, that Mhalsa Tech. was a corporation in good standing, that Mhalsa Tech. had appropriate liability insurance, and promising that Mhalsa Tech. was in compliance with all state and federal laws and regulations. (#1, p. 11, ¶¶ 60-66).  Plaintiff has alleged that Defendants intentionally made these misrepresentations, knowing that they were false, to induce Plaintiff to enter the contracts, and that Plaintiff was damaged as a result of his reliance on Defendants' misrepresentations due to the resulting loss of a client.  The Court concludes that this is sufficient to satisfy the requirements of Rule 9(b).

In arriving at this conclusion, the Court rejects Defendants' argument that Plaintiff has not sufficiently distinguished the acts of the Defendants.  The fact that Plaintiff does not distinguish Defendant Pai from Defendant Mhalsa Tech. does not affect the analysis in this case, as Plaintiff's complaint makes it clear that it seeks recovery from both Defendants for the acts of Defendant Pai that were purportedly taken on behalf of Defendant Mhalsa Tech.  Furthermore, Plaintiff's claim that Defendants made these misrepresentations by "holding themselves out" as a corporation in good standing is sufficient.  "Fraud is a generic term, which embraces all the multifarious means which human ingenuity can devise and which are resorted to by one individual to gain an advantage over another by false suggestions or by the suppression of truth."

*McClellan v. Cantrell*, 217 F.3d 890, 893 (7th Cir. 2000) (see also *Fire 'Em Up, Inc. v. Technocarb Equip. (2004) Ltd.*, 799 F. Supp.2d 846 (N.D. Ill. 2011) (applying this principle to a claim for common law fraud under Illinois law)).

*5.  Defendants Argue Punitive Damages Are Unavailable*

Defendants seek to dismiss Count VI for punitive damages, on the grounds that punitive damages are not available for claims arising from breach of contract.  Plaintiff does not make any response to this argument.  "A failure to oppose an argument permits an inference of acquiescence and 'acquiescence operates as a waiver'."  *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 926 (7th Cir. 2007) (quoting *Cinninnati Ins. Co. v. E. Atl. Ins. Co.*, 260 F.3d 742, 747 (7th Cir. 2001)).  The Court therefore recommends that Count VI be dismissed without prejudice.

## IV.  Summary

For the reasons stated above, this Court recommends that Defendants' Motion to Dismiss Kuvedina's Complaint **(#15)** be **GRANTED** in part and **DENIED** in part.  The Court recommends that Count IV and Count VI be dismissed without prejudice.  With respect to Count I, Count II, Count III, and Count V, the Court recommends that Defendants' motion be denied.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation.  See 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 13th day of January, 2012.

_____ s/ DAVID G. BERNTHAL _____
U.S. MAGISTRATE JUDGE