# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| KUVEDINA, LLC, an Illinois Limited Liability Company, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 11-CV-2282 |
| RAKESH PAI and ) MHALSA TECHNOLOGIES, a forfeited ) Kansas corporation, ) ) | |
| Defendants. ) | |

## ORDER

On January 13, 2012, Magistrate Judge David G. Bernthal filed a Report and Recommendation (#46) in this case. Judge Bernthal recommended that Defendants' Motion to Dismiss Plaintiff's Complaint (#15) be granted in part and denied in part. Specifically Judge Bernthal recommended: (1) that Counts IV and VI of Plaintiff's Complaint be dismissed without prejudice; and (2) the Motion to Dismiss with regards to the remaining counts (I, II, III, and V) should be denied. On January 27, 2012, Defendants filed an Objection (#47). In the Objection, Defendants argued that this court should reject the Report and Recommendation because: (1) Plaintiff's Complaint should be dismissed in its entirety because Plaintiff has not adequately supported its allegation of the amount in controversy with competent proof; and (2) Counts I, II, III and V of Plaintiff's Complaint failed to adequately state a valid claim under Illinois law. Plaintiff did not file an objection to the Report and Recommendation within the time allowed. Therefore, because no objection to the

recommendation to dismiss Counts IV and VI without prejudice was filed within fourteen days after being served with a copy, as allowed by 28 U.S.C. § 636(b)(1), any objection to this court's dismissal of Counts IV and VI has been waived on appeal.  See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).

This court has carefully reviewed Judge Bernthal's Report and Recommendation (#46) and considered each of the arguments contained in Defendants' Objection (#47). Following this careful and thorough review, this court agrees with and accepts Judge Bernthal's Report and Recommendation.  First, Defendants argue at length that Judge Bernthal's Recommendation was contrary to the legal certainty test because Plaintiff failed to support its allegation of the amount in controversy with competent proof.  Although Plaintiff has not provided an exact calculation of how each of its claimed damages were determined, this court agrees with Judge Bernthal that Plaintiff has provided competent proof[1] to support its claimed damages.  It does not appear to this court that it is a legal certainty that the Plaintiff's claim is actually for less than the jurisdictional amount.[2]  Second, this court agrees

---

[1]As Judge Bernthal explained, there were numerous attachments to the Complaint such as the contract that has been allegedly breached, evidence of payments made by Plaintiff to Defendants, and documents supporting Plaintiff's assessment of the value of the business relationships lost.

[2]The Seventh Circuit has explained that if a jurisdictional amount is challenged, the proponent of federal jurisdiction must:

> [P]rove those jurisdictional facts by a preponderance of the evidence.  Once the facts have been established, uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal. . . . Only if it is 'legally certain' that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor may the case be dismissed.

Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 543 (7th Cir. 2006).

with Judge Bernthal that the Plaintiff's Complaint satisfies the requirements of Federal Rule of Civil Procedure 8. Finally, this court agrees with Judge Bernthal's finding that Plaintiff has satisfied its pleading burden of providing fair notice of Counts I, II, III and V and the grounds upon which they rest, and that the claim for relief is plausible on its face for each of these Counts.

IT IS THEREFORE ORDERED THAT:

(1) The Report and Recommendation (#46) is accepted by this court.

(2) Defendants Motion to Dismiss (#15) is GRANTED in part and DENIED in part. Accordingly, Counts IV and VI are DISMISSED.

(3) Defendants' answer to Counts I, II, III and V of Plaintiff's Complaint is due by March 5, 2012.

ENTERED this 13th day of February, 2012

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE