**E-FILED**
Thursday, 12 September, 2013  10:00:02 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| KUVEDINA, LLC,                                       )<br>                                                              )<br>                      **Plaintiff,**                   )<br>          **v.**                                              )<br>                                                              )<br>**RAKESH PAI AND MHALSA**             )<br>**TECHNOLOGIES,**                               )<br>                                                              )<br>                      **Defendants.**             ) | **Case No. 11-CV-2282** |

**ORDER**

Defendants, Rakesh Pai and Mhalsa Technologies, filed a Motion for Judgment on the Pleadings (#106) on August 8, 2013. Plaintiff Kuvedina LLC filed this Motion to Strike (#108) on August 9, 2013. Defendants were given until August 26, 2013, to file a response to Plaintiff's Motion to Strike. No response was filed. For the following reasons, Plaintiff's Motion to Strike (#108) is GRANTED and Defendants' Motion for Judgment on the Pleadings (#106) is stricken.

BACKGROUND

On September 18, 2012, United States Magistrate Judge David G. Bernthal issued the Discovery Order (#73) in this case. The Discovery Order set the Dispositive Motions Deadline for June 17, 2013. On June 17, 2013, Defendants filed a Motion for Summary Judgment (#101) and a Motion to Dismiss (#99), both of which remain under consideration. On August 8, 2013, nearly two months after the passing of the dispositive motions deadline, Defendants filed a Motion for Judgment on the Pleadings (#106). This motion argued the case should be dismissed because a clause in the underlying contract at issue restricted litigation to Illinois state courts in Champaign

2:11-cv-02282-MPM-DGB   # 111   Page 2 of 3

County.  On August 9, 2013, Plaintiffs filed their Motion to Strike (#108), which argued that

Defendants' motion should be stricken as untimely due to the elapsing of the Dispositive Motions

Deadline.  In the alternative, Plaintiffs argued Defendants' motion should be denied because the

contract clearly allows for any court in Champaign County, Illinois, to hear the case, whether that

court be state or federal.

ANALYSIS

Motions to strike are generally disfavored because they have the potential to delay

proceedings, however where motions to strike remove unnecessary clutter from a case they serve

to expedite, rather than delay.  *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286,

1294 (7th Cir. 1989).  Motions for Judgments on the Pleadings pursuant to Federal Rule of Civil

Procedure 12(c) are considered dispositive motions, as they are "'directed towards a final judgment

on the merits.'"  *Johnson v. Randle*, 2012 WL 1964996, *17 (S.D. Ill. 2012), quoting *Republic Steel

Corp. v. Pennsylvania Engineering Corp.*, 785 F.2d 174, 178 n.2 (7th Cir. 1986).  The Seventh

Circuit has held that "a Rule 12(c) motion may be brought after the dispositive motions deadline if

the moving party complies with the requirements of [Federal Rule of Civil Procedure] 16(b) *and* if

it will not delay trial."  *Riggins v. Walter*, 279 F.3d 422, 427-28 (7th Cir. 1995) (emphasis in

original).  The court has discretion to deny as untimely Rule 12(c) motions filed after the dispositive

motions to deadline.  *Riggins*, 279 F.3d at 427.  There must be good cause for the delayed filing and

it must be filed with leave of court.  *Riggins*, 279 F.3d at 428; Fed. R. Civ. P. (16)(b)(4) ("A

schedule may be modified only for good cause and with the judge's consent").

Here, the dispositive motions deadline was June 17, 2013.  A examination of the docket sheet

shows that the deadline was not extended or modified in any way.  Defendants' motion was filed

2

nearly two months after the expiration of the deadline.  Defendants' did not obtain leave of court to file the motion nor did they show good cause for untimely filing.  Plaintiff's Motion to Strike (#108) is GRANTED and Defendants' Motion for Judgment on the Pleadings (#106) is stricken.

IT IS THEREFORE ORDERED:

Plaintiff's Motion to Strike (#108) is GRANTED and Defendants' Motion for Judgment on the Pleadings (#106) is stricken.

ENTERED this 12TH day of September, 2013

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE