UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| KUVEDINA, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 11-CV-2282 |
| ) | |
| RAKESH PAI AND MHALSA ) | |
| TECHNOLOGIES, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Defendants, Rakesh Pai and Mhalsa Technologies, filed a Motion for Judgment on the Pleadings (#106) on August 8, 2013. Plaintiff Kuvedina LLC filed this Motion to Strike (#108) on August 9, 2013. Defendants were given until August 26, 2013, to file a response to Plaintiff's Motion to Strike. No response was filed. For the following reasons, Plaintiff's Motion to Strike (#108) is GRANTED and Defendants' Motion for Judgment on the Pleadings (#106) is stricken.

BACKGROUND

On September 18, 2012, United States Magistrate Judge David G. Bernthal issued the Discovery Order (#73) in this case. The Discovery Order set the Dispositive Motions Deadline for June 17, 2013. On June 17, 2013, Defendants filed a Motion for Summary Judgment (#101) and a Motion to Dismiss (#99), both of which remain under consideration. On August 8, 2013, nearly two months after the passing of the dispositive motions deadline, Defendants filed a Motion for Judgment on the Pleadings (#106). This motion argued the case should be dismissed because a clause in the underlying contract at issue restricted litigation to Illinois state courts in Champaign

County. On August 9, 2013, Plaintiffs filed their Motion to Strike (#108), which argued that Defendants' motion should be stricken as untimely due to the elapsing of the Dispositive Motions Deadline. In the alternative, Plaintiffs argued Defendants' motion should be denied because the contract clearly allows for any court in Champaign County, Illinois, to hear the case, whether that court be state or federal.

## ANALYSIS

Motions to strike are generally disfavored because they have the potential to delay proceedings, however where motions to strike remove unnecessary clutter from a case they serve to expedite, rather than delay. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Motions for Judgments on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) are considered dispositive motions, as they are "'directed towards a final judgment on the merits.'" *Johnson v. Randle*, 2012 WL 1964996, *17 (S.D. Ill. 2012), quoting *Republic Steel Corp. v. Pennsylvania Engineering Corp.*, 785 F.2d 174, 178 n.2 (7th Cir. 1986). The Seventh Circuit has held that "a Rule 12(c) motion may be brought after the dispositive motions deadline if the moving party complies with the requirements of [Federal Rule of Civil Procedure] 16(b) *and* if it will not delay trial." *Riggins v. Walter*, 279 F.3d 422, 427-28 (7th Cir. 1995) (emphasis in original). The court has discretion to deny as untimely Rule 12(c) motions filed after the dispositive motions to deadline. *Riggins*, 279 F.3d at 427. There must be good cause for the delayed filing and it must be filed with leave of court. *Riggins*, 279 F.3d at 428; Fed. R. Civ. P. (16)(b)(4) ("A schedule may be modified only for good cause and with the judge's consent").

Here, the dispositive motions deadline was June 17, 2013. A examination of the docket sheet shows that the deadline was not extended or modified in any way. Defendants' motion was filed

nearly two months after the expiration of the deadline. Defendants' did not obtain leave of court to file the motion nor did they show good cause for untimely filing. Plaintiff's Motion to Strike (#108) is GRANTED and Defendants' Motion for Judgment on the Pleadings (#106) is stricken.

IT IS THEREFORE ORDERED:

Plaintiff's Motion to Strike (#108) is GRANTED and Defendants' Motion for Judgment on the Pleadings (#106) is stricken.

ENTERED this 12TH day of September, 2013

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE