UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **KUVEDINA, LLC**, an Illinois limited liability company, | |
| Plaintiff/Counter-Defendant, | |
| v. | Case No. 11-2282 |
| **RAKESH PAI and MHALSA TECHNOLOGIES**, a forfeited Kansas corporation, | |
| Defendants, and | |
| **RAKESH PAI**, individually and doing business as **MHALSA TECHNOLOGIES**, | |
| Counter-Plaintiffs. | |

REPORT AND RECOMMENDATION

In March 2011, Plaintiff Kuvedina, LLC, filed a Complaint (#1) against Defendants Rakesh Pai and Mhalsa Technologies, alleging several state law claims relating to the contract between the parties. Federal jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

In June 2013, Defendants/Counter-Plaintiffs Pai and Mhalsa filed a Motion To Dismiss for Parallel Proceedings (#99). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant/Counter-Plaintiffs' Motion To Dismiss for Parallel Proceedings **(#99)** be **DENIED**.

I.  Background

In November 2010, Plaintiff filed a suit in Champaign County Circuit Court against Defendants (*Kuvedina LLC v. Pai, et al.*, No. 10CH507), alleging state law claims including

fraud, five counts of breach of contract, and tortious business interference based on the business relationship between Plaintiff, a consulting firm that provides project management services, and Defendants, who agreed to provide services to Plaintiff and its clients. That case is still proceeding in the state court.

In March 2011, Plaintiff filed a Complaint (#1) against Defendants in federal court in the Northern District of Illinois, alleging breach of contract, fraud, and other state law claims arising from the parties' business relationship. The case was subsequently transferred to the Central District of Illinois. In August 2011, Defendants filed a motion to dismiss, which this Court granted in part and denied in part in February 2012. In March 2012, Defendants filed an Answer (#53) and a Counterclaim (#54) against Kuvedina, alleging breach of contract. In June 2013, Defendants filed a Motion for Summary Judgment (#101).

Defendants have now filed a motion to dismiss asking this Court to abstain from exercising jurisdiction and to dismiss the case because a parallel action is pending in state court.

## II. Standard

The *Colorado River* doctrine recognizes that when parallel cases are proceeding in federal and state courts, "exceptional" circumstances may exist that permit a federal court to refrain from exercising jurisdiction "for reasons of wise judicial administration." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 818 (1976); *see AXA Corp. Solutions v. Underwriters Reins. Corp.*, 347 F.3d 272, 278 (7th Cir. 2003). "If there is any substantial doubt that the parallel litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties," then the federal court should not abstain. *AAR Int'l, Inc. v. Nimelias Enter., S.A.*, 250 F.3d 510, 518 (7th Cir. 2001) (internal quotation marks and citations omitted).

Determining whether to abstain involves a two-part inquiry. The Court must first determine whether the state and federal cases are parallel. *AXA Corp.*, 347 F.3d at 278. If the cases are parallel, the Court must consider ten factors to determine whether exceptional circumstances exist such that abstention is appropriate. *Id.*

### III.  Discussion

Defendants argue that the suits are parallel and assert, without explanation, that the conflict between the parties presents an "exceptional circumstance" that merits abstention and dismissal.

Plaintiff responds that Defendants and their attorney were aware of the state court litigation pending in Champaign County when Plaintiff filed this case in federal court in March 2011, yet they failed to raise this issue in their motion to dismiss filed in August 2011, and they subsequently filed an answer and a counterclaim in March 2012.  Plaintiff states that dismissing the federal action now would result in extreme prejudice.  Plaintiff also contends that Defendants have not explained why the circumstances are so exceptional as to warrant dismissal, particularly when the federal case is much further along than the state court case.  Finally, Plaintiff notes that even if exceptional circumstances existed, the proper recourse is for the Court to "await the outcome of parallel proceedings" rather than dismissing the case.  *See Colorado River*, 424 U.S. at 817.

### A.  Parallel Proceedings

In considering a motion to abstain, the Court first must determine whether the federal and foreign proceedings are parallel.  *AAR Int'l*, 250 F.3d at 518.  Suits are parallel if "substantially the same parties are litigating substantially the same issues simultaneously in two fora."  *Schneider Nat'l Carriers, Inc. v. Carr*, 903 F.2d 1154, 1156 (7th Cir. 1990).  "The question is not whether the suits are formally symmetrical, but whether there is a substantial likelihood that the foreign litigation will dispose of all claims presented in the federal case."  *AAR Int'l*, 250 F.3d at 518 (internal quotation marks and citations omitted).

Defendants contend that the two actions are parallel because the parties are the same, the issues are the same, and the underlying facts are the same.  Plaintiff does not challenge this conclusion.  The Court agrees.  Both suits involve the same parties, both are based on the business relationship between the parties, and it is likely that resolution of either suit will dispose of all claims.

3

### B. Balance of Factors

Having found that the state and federal suits are parallel, the Court must balance the following factors to determine whether this case presents exceptional circumstances that warrant abstention: (1) whether the state has assumed jurisdiction over property at issue in the federal case; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) the source of governing law; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim. *AXA Corp.*, 347 F.3d at 278. No single factor is determinative, and the weight given to any particular factor will vary depending on the circumstances of the case. *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

Neither party discusses these factors. A review of the factors does not indicate any exceptional circumstances here. Most of the factors do not favor either fora. There is no property over which the state has assumed jurisdiction and no issues involving piecemeal litigation, removal, or vexatious claims. The fora are equally convenient. The state case was filed first, about four months before the federal case, which slightly favors the state forum. All the claims are based on Illinois law which is familiar to both courts and both courts can adequately protect the rights of the parties. Regarding the relative progress of each action, the Court notes that no trial date has been set in either case, but a summary judgment motion has been filed in the federal case, which slightly favors the federal forum. However, none of these factors, separately or collectively, indicates the existence of "exceptional" circumstances that would merit abstention.

Abstention from the exercise of federal jurisdiction is the exception, not the rule, *Colorado River*, 424 U.S. at 813, and the Seventh Circuit court has consistently noted the general presumption against abstention, *Tyrer v. City of South Beloit, Ill.,* 456 F.3d 744, 751 (7th Cir. 2006). Only the "clearest of justifications" will warrant a dismissal or stay of the federal case.

*AAR Int'l*, 250 F.3d at 517.  In the absence of any exceptional circumstances, the Court recommends denying Defendants' motion to dismiss.

### IV.  Summary

For the reasons stated above, the Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant/Counter-Plaintiffs' Motion To Dismiss for Parallel Proceedings **(#99)** be **DENIED**.  The parties are advised that any objection to this recommendation must be filed in writing with the clerk within fourteen (14) days after being served with a copy of the Report and Recommendation.  See 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 25th day of September, 2013.

> s/DAVID G. BERNTHAL
> UNITED STATES MAGISTRATE JUDGE